# In re: Petition of Christian Burkel for Refund of License Fee.

*Constitutional law—Title of Act of May 8, 1919, P. L. 167—Refunding money received for liquor license—Act of Congress of Nov. 21, 1918.*

A holder of a liquor license in Pennsylvania is not prevented from engaging in business by the Act of Congress approved November 21, 1918, known as the War Time Prohibition Law.

The Act of May 8, 1919, P. L. 167, imposing an obligation on counties to refund liquor license fees and taxes paid by the licensee, is unconstitutional to the extent that it creates such obligation upon the county, because the title does not clearly set forth that that is one of the provisions of the statute.

Argued May 5, 1920. Appeal, No. 131, April T., 1920, by Christian Burkel, from judgment of Q. S. Allegheny County, Jan. T., 1920, No. 17, In re Petition of Christian

416, (1920).] Statement of Facts—Opinion of the Court.
Burkel for Refund of License Fee and Additional Tax.
Before Porter, Henderson, Head, Trexler, Keller and
Linn, JJ.   Affirmed.

Petition for refund of proportionate part of a license
fee under the provisions of the Act of May 8, 1919, P. L.
167.   Before Swearingen, J.
   The opinion of the Superior Court states the case.
· The court dismissed the petition.   Petitioner appealed.

*Error assigned* was the order of the court.

*W. D. N. Rogers,* of *Rogers & Richardson,* for appel-
lant.

*Lee C. Beatty,* County Solicitor, and with him *Beatty,
Magee & Martin,* for appellee.

Opinion by Henderson, J., July 14, 1920:
   This case originated under the Act of May 8, 1919, P.
L. 167, providing for the refunding of liquor license
fees and additional taxes to wholesale and retail dealers,
etc., prevented from engaging in business by order or
regulation of the president or secretary of war.   The
petitioner received a license from the court of quarter
sessions to sell vinous, spirituous, malt, and brewed
liquors at retail in the City of Pittsburgh for the period
of one year from the first day of May, 1919, for which he
paid the license fee and tax imposed by law in monthly
installments up to and including the month of Decem-
ber, 1919.   The Act of July 30, 1887, P. L. 110, as amend-
ed by the Acts of June 9, 1891, P. L. 248, and February
26, 1919, P. L. 10, provides that all persons so licensed
in cities of the second class shall pay a license fee of
$1,000; $100 of which is made payable to the county
and the remainder to the city where the license is to be
exercised. . Under the Act of July 30, 1897, P. L. 467, as
amended by the Act of March 29, 1907, P. L. 38, an ad-

ditional license tax of $100 payable to the Commonwealth was imposed on retail dealers. The respective county treasurers are required to pay to the State treasurer within 30 days from the receipt thereof the last described license fee, and to the respective municipalities all license fees collected on their account. Alleging that by reason of the Act of Congress, approved the 21st day of November, 1918, known as the War Time Prohibition Law, he was wholly prevented from engaging in the business of a retail dealer in vinous, spirituous, malt and brewed liquors from the 1st day of July until the 31st day of December, 1919, the petitioner applied to the court of quarter sessions pursuant to the provisions of the Act of 1919 for a refund of the license fees so paid. The fact that in the case we are now considering, $100 of the license fee was payable to the county does not materially distinguish it from the case of E. J. Riffle, a wholesale dealer, whose appeal we have disposed of in an opinion now handed down in which we hold: (1) That the petitioner was not prevented from exercising all of the privileges granted him through his license, and, (2) That the statute imposing the obligation on the county to refund the license fees and tax paid by the petitioner is unconstitutional to the extent that it creates such obligation because the title does not clearly set forth that that is one of the provisions of the statute. The State received $100 and the City of Pittsburgh $900. The remaining $100, the treasurer retained for the use of the county. The latter municipality had no interest in the amounts paid to the State and city and owed no obligation to the appellant with respect thereto unless the refunding act, above recited, is binding on it. No duty of the county had theretofore existed with respect to the refunding of liquor license fees, and the appellant's case must rest therefore wholly on the authority conferred by this statute.

For the reasons given in the Riffle case the decree of the court of quarter sessions is affirmed.